UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKLYN LORRAINE TODD,<br><br>Petitioner,<br><br>v.<br><br>YUBA COUNTY JAIL, et al.,<br><br>Respondents. | No. 2:20-cv-0174 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a Yuba County Jail inmate proceeding pro se, has filed an application for a writ of habeas corpus, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner challenges her December 23, 2019 conviction in the Yuba County Superior Court. Petitioner concedes her appeal remains pending. (ECF No. 1 at 2.)

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court made clear that a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances. Id. at 43-46. Younger abstention is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an

---

[1] Petitioner filed her claims on a form petition for writ of habeas corpus under 28 U.S.C. § 2241. But because petitioner is a state prisoner, her claims must be brought under 28 U.S.C. § 2254.

1

adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." Page v. King, 932 F.3d 898, 901-902 (9th Cir. 2019) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted)). In this case, all of the Younger criteria are satisfied.

Here, petitioner concedes that the appeal of her criminal conviction is pending. Second, state criminal proceedings implicate the important state interest of fair adjudication of criminal charges. See, e.g., Lammers v. Hutchins, 2019 WL 1771658, at *2 (C.D. Cal. March 5, 2019) ("Plainly, state criminal proceedings implicate important state interests.") (citations omitted). Third, the instant petition does not demonstrate that the state forum is inadequate to address petitioner's claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (absent clear authority to the contrary, federal court should assume state procedures will afford an adequate remedy). Fourth, because petitioner's direct appeal is still pending, the state courts have not had a full opportunity to resolve any constitutional issues. The state court may resolve petitioner's direct appeal in her favor, which could moot the instant petition. Finally, the requested habeas relief would have the effect of enjoining or interfering with the state proceeding. See Phillips v. Neuschmid, 2019 WL 6312573, at *2 (C.D. Cal. Oct. 18, 2019) (collecting cases). Thus, the court should abstain from exercising jurisdiction and dismiss this case without prejudice.

Moreover, petitioner must first exhaust her state court remedies before filing in federal court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).[2]

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;
2. The Clerk of the Court is directed to
    a. Assign a district judge to this case;
    b. Serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice. Younger v. Harris, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

todd0174.103+